[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10896
Non-Argument Calendar
_____

D.C. Docket No. 5:18-cv-00004-LSC-JEO

JAMES KEITH LARRY,

Petitioner-Appellant,

versus

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(September 20, 2018)

Before MARCUS, EDMONDSON, and HULL, Circuit Judges.

PER CURIAM:

Petitioner James Larry, an Alabama state prisoner proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition.  The district court explained the applicable law correctly and determined that Petitioner's section 2254 petition was an unauthorized second or successive petition.  No reversible error has been shown; we affirm the dismissal.

In 2010, Petitioner was convicted of aggravated stalking and of criminal mischief, in violation of Alabama law.  The state court sentenced Petitioner to life imprisonment and to a consecutive 15-year term of imprisonment for his two convictions.  Petitioner's convictions and sentences were affirmed on direct appeal. Larry v. State, 107 So. 3d 231 (table) (Ala. Crim. App. 2011).  The state court also denied Petitioner post-conviction relief.

Petitioner filed his first 28 U.S.C. § 2254 petition in 2012.  The district court denied with prejudice the 2012 petition.  This Court then denied Petitioner a certificate of appealability.

In January 2018, Petitioner filed the pro se section 2254 petition at issue in this appeal.  Petitioner again sought to challenge his 2010 convictions.  The district court dismissed -- as second or successive -- without prejudice the 2018 petition.

2

"We review de novo whether a petition for a writ of habeas corpus is second or successive." Patterson v. Sec'y, Fla. Dep't of Corr., 849 F.3d 1321, 1324 (11th Cir. 2017) (en banc). We construe liberally pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

The Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides "a stringent set of procedures" that a state prisoner "must follow if he wishes to file a 'second or successive' habeas corpus application challenging that custody." Burton v. Stewart, 549 U.S. 147, 152 (2007). In pertinent part, a state prisoner wishing to file a second or successive habeas corpus petition in the district court must first move the court of appeals for an order authorizing the district court to consider such a petition. 28 U.S.C. § 2244(b)(3)(A). Where the prisoner fails to seek or to obtain such authorization, the district court lacks jurisdiction to consider the merits of the petition. Burton, 549 U.S. at 152-53.

The district court committed no error in determining that Petitioner's 2018 section 2254 petition was second or successive. The record demonstrates -- and Petitioner does not dispute -- that he already challenged his 2010 state-court convictions in his earlier-filed 2012 habeas petition, which was dismissed with prejudice. Because Petitioner has failed to obtain authorization from this Court to file a second or successive petition, the district court lacked jurisdiction to consider Petitioner's 2018 petition. See id.

3

Petitioner contends he is entitled to file a second or successive habeas petition because he raises a claim not raised earlier in his 2012 petition.  Although AEDPA allows the filing of a second or successive section habeas under limited circumstances, Petitioner must first file with this Court an application for leave to file a second or successive habeas petition -- and must obtain this Court's authorization -- before the district court may consider a newly-raised claim in a second or successively filed petition.

AFFIRMED.